MW

PROVIDED TO APALACHEE CORRECTIONAL INSTITUTION ON 3-5-26 FOR MAILING MR

# PETITION UNDER 28 U.S.C. § 2254 BY A PERSON IN CUSTODY PURSUANT TO A STATE COURT JUDGMENT

| | |
|---|---|
| **UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA** | **Division:** PENSACOLA |
| **Name of Petitioner** *(under which you were convicted)* Marvin E. Watts | **Case No.:** 3:26-cv-01101-MCR-ZCB *(to be assigned by the Clerk's Office)* |
| **Prisoner ID #** P21548 | **Place of Current Confinement and Address** APALACHEE CORRECTIONAL INSTITUTION 35 APALACHE DRIVE SNEADS FLORIDA 32460-4166 |

**NAME OF PETITIONER** *(include aliases)* v. **NAME OF RESPONDENT** *(authorized person having custody of petitioner)*

Marvin EUJENE WAtts v. RICKY D. DIXON

**THE ATTORNEY GENERAL OF THE STATE OF** Florida
*(State in which challenged judgment was entered)*

## I. PROCEDURAL HISTORY

A. Name and location *(circuit and county)* of the court that entered the judgment of conviction or sentence under attack: Escambia County 1st Judicial 190 West Governmental Street, Pensacola Florida 32502

Case Number (*if known*): 2007CF003909A

FILED USDC FLND PN MAR 9 '26 AM10:48 JFJ

B. Date of Judgment *(conviction/sentence)*: ______

C. Date of Sentence: 19th day of December

D. Sentence Imposed: 20 years Minimum

______

E. Identify all crimes of which you were convicted and sentenced in this case *(all counts)*: 1) ROBBERY ARMED WITH FIREARM, 3) RESISTING OFFICER WITH VIOLENCE, 4) BATTERY UPON A LEO, CO, PO, EMS OR FIRE FIGHTER

F. What was your plea? (*Check one*)

☐ Guilty ☑ Not Guilty ☐ Nolo contendere

If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, please explain: ______

______

______

G. If you pleaded not guilty, what kind of trial did you have? (*Check one*)

☑ Jury ☐ Judge only *(Bench Trial)*

H. Did you testify at a pretrial hearing, trial, or post-trial hearing?

☐ YES ☑ NO

I. Did you appeal from the judgment of conviction?

☑ YES ☐ NO

(*If you did not appeal, skip to Question K.*)

J. If you did appeal, answer the following:

1. Name of Court: Escambia County
2. Date Filed: unknown, due to mental health reasons
3. Case Number (*if known*): 2007CF003909A
4. Date of Result: unknown, due to mental health reasons
5. Citation to Case (*if known*): unknown
6. Result: unknown
7. Grounds Raised on Appeal: Mental health defense

8. Did you file a petition for rehearing? ☐ YES ☐ NO

   If yes, state the result: unknown, but possible no

   Date of Result:

9. Did you seek review in the Florida Supreme Court? ☐ YES ☒ NO

   If yes, state the result:

   Date of Result:

   Citation to Case (*if known*):

10. Did you file a petition for certiorari in the U. S. Supreme Court?

☐ YES ☑ NO

If yes, state the result: ______________________

______________ Date of Result: ______________

Citation to Case (*if known*): ______________________

K. Other than the direct appeals listed above, have you filed any other petitions, applications, or motions challenging judgment of conviction in any state court? ☑ YES ☐ NO

*(If your answer is NO, skip to Question P.)*

L. If your answer to Question K is YES, answer the following:

1. Name of Court: Escambia County Court
2. Identify what you filed (*for example, a Rule 3.850 motion, habeas petition, etc.*): Motion for Post-Conviction Relief 3.850, Relief from Judgment base on Fraud on the Court
3. Case Number (*if known*): 2007CF003909A Date Filed: 11-20-25
4. Grounds Raised: OBSTRUCTION OF JUSTICE IN TRIAL, MADE by STATE ATTORNEY PROSECUTOR JOSH. F. SIMON JR. TO ALLOW FALSE TESTIMONY BY FRAUD UPON THE COURT.

5. Was an evidentiary hearing held on your petition or motion?

☐ YES ☑ NO

6. Result: pending

Date of Result:

M. If you filed a second petition, application, or motion, answer the following:

*(If you did not file additional petitions, applications, or motions, skip to Question O.)*

1. Name of Court: Escambia County Court

2. Identify what you filed *(for example, a Rule 3.850 motion, habeas petition, etc.)*: Motion For Belated Filing of Rule 3.850 (b)

3. Case Number *(if known)*: 2007CF003909 Date Filed: March 24, 2025

4. Grounds Raised: Specifically, the 2016 amendment allow defendants who were sentenced under the original 10-20-Life law to request resentencing under the Amended law, which provided for more lenient sentencing guidelines

5. Was an evidentiary hearing held on your petition or motion?

☐ YES ☑ NO

6. Result: pending

Date of Result:

N. If you filed a third petition, application, or motion, answer the following:

*(If you did not file additional petitions, applications, or motions, skip to Question O.)*

1. Name of Court: NORTHERN DISTRICT OF FLORIDA OFFICE OF THE CLERK
2. Identify what you filed (*for example, a Rule 3.850 motion, habeas petition, etc.*): habeas petition
3. Case Number (*if known*): 5:25-cv-00032-AW-ZCB Date Filed: 2025
4. Grounds Raised: Co-Defendant false Testimony and Newly Discovered Evidence
5. Was an evidentiary hearing held on your petition or motion?

   ☐ YES ☑ NO
6. Result: Petitioner sent in a motion/form to dismiss and to refill on the proper applications Date of Result: ______

*(If you filed more than three petitions, applications, or motions, attach additional pages as necessary to provide answers to all questions listed in Question N.)*

O. Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

1. First Petition: ☐ YES ☑ NO
2. Second Petition: ☐ YES ☑ NO
3. Third Petition: ☐ YES ☑ NO

a. If you did *not* appeal the result, explain briefly why you did not: A unskilled Jailhouse lawyer failed and misused Petitioner Marvin E. Watts for his canteen.

b. If you did file an appeal, what was the result: ______

c. Date of the opinion/mandate (*include case citation, if known*): ______

P. Have you previously filed a § 2254 petition or other pleading regarding the validity of your state conviction or sentence in any federal court?

☐ YES ☑ NO

(*If yes, identify below the court, case number, and result, including the result of any appeal.*)

Name of Court: ______ Case #: ______

Result: ______________________________________________

______________________________________________

______________________________________________

Appeal? ☐ YES ☐ NO Result: ______________________________

______________________________________________

## II. GROUNDS RAISED IN CURRENT § 2254 PETITION

**ATTENTION:** ***To proceed in federal court, you must ordinarily first exhaust all available state court remedies on each ground raised in this petition. Also, if you do not set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.***

For this petition, state ***all*** grounds on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. You must provide a summary of ***specific facts*** in support of each ground raised. Do not argue or cite case law. A supporting memorandum of law, not exceeding 10 pages, may be attached to this petition presenting legal argument, but all supporting facts ***must*** be set forth in this petition. (*Attach additional pages as needed if you are raising more than four grounds.*)

**A. Ground One:** Counsels Performance was deficient, And But for the deficiency, there is a reasonable probability the result would have been different

1. Supporting Facts (*brief statement without citing cases or law*):

IN VIOLATION OF THE DEFENDANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHTS OF THE UNITED STATES CONSTITUTION, TRIAL COUNSEL WAS PREJUDICIALLY INEFFECTIVE

Petitioner, Trial Court Counsel, Ms. Lori M. Raybon-

2. Did you raise this claim in state court by direct appeal?

☐ YES ☑ NO

If you did *not* raise this claim, explain why: ______

3. Did you raise this claim in a Rule 3.850 motion or otherwise?

☐ YES ☑ NO

If yes, explain how it was raised (*type of petition*): ______

a. Name and location of the court where the motion or petition was filed: ______

b. Case # (*if known*): ______

c. Date of Decision: ______________________________

d. Result: ______________________________

______________________________

4. Did you receive a hearing on your motion or petition?

☐ YES ☐ NO

5. Did you appeal from the denial of your motion or petition?

☐ YES ☐ NO

6. Was Ground One raised in your appeal?

☐ YES ☐ NO

a. If not raised in your appeal, why not? ______________________________

______________________________

b. Identify the name and location of the court where appeal was filed:

______________________________

______________________________

c. Case # (*if known*): ______________________________

d. Date of Decision: ______________________________

e. Result: ______________________________

______________________________

______________________________

7. Identify any other way in which you exhausted state remedies for Ground

Attached from page 9-#1

failed to alert the Trial Court of undisclosed evidence doing the trial Court proceeding Petitioner Marvin E. Watts co-defendant Fred Taylor testified against Petitioner falsely, testifying on stand under Oath and by doing so, being set free from being convicted of ROBBERY ARMED WITH FIREARM.
IN The Discovery Exibit, There was held a F.D.L.E report that went undisclose to the jury, it held that Petitioner Watts co-defendant Fred Taylor indeed had gunshot residue on his hand[S], in the same report in the F.D.L.E report, Petitioner Marvin E. Watts had no gunshot residue on his hands any where. Petitioner Trial Court Counsel Ms. Lori M. Raybon was Prejudicially ineffective for not disclosing this piece of evidence, nor did Ms. Lori M. Raybon alert the trial court to this matter that took place at hand. see (Exibix A) for the proof and facts.
There was no objection made.

Attachment from page 9 #2

Petitioner Marvin E. Watts had no chance at fairness, he was greatly Prejudice by trial Court Counsel Ms. Lori M. Raybon when Ms Raybon withheld this evidence from the jury.
This evidence is the weight of this case that was not disclosed. Had trial Court counsel Ms. Raybon disclosed this piece of evidence, there would have being a different out come of the jury decision. This evidence went unnotice to the Jury, it was not disclosed.
This evidence that was withheld by trial Court Counsel is indeed a Plain error issue.

This proof of evidence shows that no reasonable juror would have convicted Petitioner Marvin E. Watts.

If this Court fails to consider the hard facts of this evidence, than this Court must consider why did Petitioner Marvin E. Watts trial Court Counsel Ms. Raybon continue to be ineffective and prejudice Petitioner by not objecting or alerting the trial Court to another piece of evidence that held wieght, this evidence as well had no Connection to Petitioner Marvin E. Watts.
There was a unidentified perpetrator from Nicole HEINTZELMAN testimony, Nicole HEINTZELMAN testifying at trial that in this crime that took place, There was a box of live rounds. On the box of live rounds that was found, there was a finger–

Attachment from page 9 #3

print that was found as being, positive results on the box of ammunition in the trial court transcipts from Nicole HEINTZELMAN testimony on page 155 see (Exibit B) For proof.

At Q. The box that you found in the car itself--or the truck that had the ammunition in it, did you lift prints from there?
A; ye's
Q. And they did not match either Mr. Watts or Mr. Taylor's, is that right?
A. that's correct.
Q. Were there any smudges that you found on there?
A. I don't recall exactly, I just know it was positive results

Petitioner Marvin E. Watts had no fair chance, his trial Court counsel Ms. Raybon did not object, alert the Court to this Matter of this perpetrator. This unIdentified person that had the finger print on the box of live rounds was not disclose to the jury. The Trial court counsel Ms. Raybon Said nothing. Petitioner Mr. Watts had no positive results of any Kind of this crime of no evidence whatsoever. Trial court counsel Ms. Raybon failed to alert the trial Court to this undisclose person and by not doing so deprive Petitioner Marvin E. Watts of his due process clauses. This plain error clearly shows that there is a fundamental Constitutional Violation that is—

Attachment from page 9 #4

Clearly shown by the facts of undisclose evidence.

The evidence that has been demostrated on the face of the record is clear and plain, that by law of the evidence, Petitioner is in no way connected to this crime.
This Court is clearly and plainly looking at the results of a fundamental Miscarriage of justice, which by the law shows that, by the undisclose evidence, Petitioner Marvin E. Watts is actual innocence of this Crime and this Petition should be heard and the time barred should be over looked base on the good cause of these facts alone.
Petitioner Marvin E. Watts demands a three judge panel for all constitutional issues, there is no other plain, speedy, or adequate remedy at law for such fundamental constitutional violation of this clear and plain view of error.

Petitioner Marvin E. Watts could not have known or understood this matter early because of his mental health disorder. Petitioner suffer's from a schizoaffective disorder, depressive type (F25.1). This disorder has hinder Petitioner from understanding the evidence of this case in ealier stagies, because of this disoder it was impossible for Petitioner to have learn of this evidence earlier on. see (Exibit C) for Mental health Diagnoses.

Attachment from page 9#5

Petitioner has Clearly demonstrated the following points.

Point 1# There was a error: undisclose evidence.

Point 2# the error was plain; On The face of the record in Exibit A and B.

Point 3# the error affected a Substantial right, ie., the outcome or fairness of the proceeding: The jury was Mislead because of undisclose evidence as well as petitioner due process is in violation.

Point 4# left uncorrected, a Miscarriage of Justice will result: These facts and of the undisclose evidence has indeed being left uncorrected, the gunshot residue that was found on co-defendant Fred Taylor hands and not on Petitioner Marvin E. Watts hands. This was left uncorrected because the F.D.L.E report was left undisclosed to the Jury. Also The undisclose positive results of someone else that went uncorrected from the positive result of a finger print that was left uncorrected

IN this point There is clearly a Miscarriage of justice.

Attachment from page 9 #6.

Petitioner Marvin E. Watts have not only demonstrated (3) points, Petitioner has clearly demonstrated all four points.

Supporting Memorandum of law

If the facts presented establish the first three points, a finding of a manifest Miscarriage of Justice should follow. See Henderson v. United States, 568 U.S. 266 (2013); Rosales-Miceles v. United States, 138 S. Ct. 1897 (2018

Strickland v. Washington (1984) ineffective Assistance of Counsel
States v. Bagley, 473 U.S. 667 (1985)
Brecht v. Abrahamson (1993)
Kyles v. Whitley, 514 U.S. 419 (1995)
Chapman v. California (1967)

One: ______________________________________________

______________________________________________

______________________________________________

**B. Ground Two:** ______________________________________________

______________________________________________

1. Supporting Facts (*brief statement without citing cases or law*):

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

2. Did you raise this claim in state court by direct appeal?

☐ YES ☐ NO

If you did *not* raise this claim, explain why: ____________________

______________________________________________

______________________________________________

3. Did you raise this claim in a Rule 3.850 motion or otherwise?

☐ YES ☐ NO

If yes, explain how it was raised (*type of petition*): ____________________

______________________________________________

a. Name and location of the court where the motion or petition was filed:

______________________________________________

b. Case # (*if known*): ______________________________

c. Date of Decision: ______________________________

d. Result: ______________________________________

______________________________________________

4. Did you receive a hearing on your motion or petition?

☐ YES ☐ NO

5. Did you appeal from the denial of your motion or petition?

☐ YES ☐ NO

6. Was Ground Two raised in your appeal?

☐ YES ☐ NO

a. If not raised in your appeal, why not? ____________________

______________________________________________

b. Identify the name and location of the court where appeal was filed:

______________________________________________

______________________________________________

c. Case # (*if known*): ______________________________

d. Date of Decision: ______________________________

e. Result: ______________________________________

7. Identify any other way in which you exhausted state remedies for Ground Two: ______________________________

**C. Ground Three:** ______________________________

1. Supporting facts (*brief statement without citing cases or law*): ______________________________

2. Did you raise this claim in state court by direct appeal?

☐ YES ☐ NO

If you did *not* raise this claim, explain why: ______________________________

3. Did you raise this claim in a Rule 3.850 motion or otherwise?

☐ YES ☐ NO

If yes, explain how it was raised (*type of petition*): ____________________

______________________________________________________________

a. Name and location of the court where the motion or petition was filed:

______________________________________________________________

b. Case # (*if known*): ______________________________________

c. Date of Decision: ______________________________________

d. Result: ______________________________________________

______________________________________________________________

4. Did you receive a hearing on your motion or petition?

□ YES □ NO

5. Did you appeal from the denial of your motion or petition?

□ YES □ NO

6. Was Ground Three raised in your appeal?

□ YES □ NO

a. If not raised in your appeal, why not? ____________________________

______________________________________________________________

b. Identify the name and location of the court where appeal was filed:

______________________________________________________________

______________________________________________________________

c. Case # (*if known*): ______________________________________

d. Date of Decision: ______________________________

e. Result: ______________________________

______________________________

______________________________

7. Identify any other way in which you exhausted state remedies for Ground Three: ______________________________

______________________________

**D. Ground Four:** ______________________________

______________________________

1. Supporting Facts (*brief statement without citing cases or law*): ______

______________________________

______________________________

______________________________

______________________________

______________________________

2. Did you raise this claim in state court by direct appeal?

□ YES □ NO

If you did *not* raise this claim, explain why: ______________________________

______________________________

______________________________

3. Did you raise this claim in a Rule 3.850 motion or otherwise?

☐ YES ☐ NO

If yes, explain how it was raised (*type of petition)*: ____________________

______________________________________________________________

a. Name and location of the court where the motion or petition was filed:

______________________________________________________________

b. Case # (*if known*): ____________________________________________

c. Date of Decision: ______________________________________________

d. Result: _____________________________________________________

______________________________________________________________

4. Did you receive a hearing on your motion or petition?

☐ YES ☐ NO

5. Did you appeal from the denial of your motion or petition?

☐ YES ☐ NO

6. Was Ground Four raised in your appeal?

☐ YES ☐ NO

a. If not raised in your appeal, why not? ___________________________

______________________________________________________________

b. Identify the name and location of the court where appeal was filed:

c. Case # (*if known*): ______________________

d. Date of Decision: ______________________

e. Result: ______________________

7. Identify any other way in which you exhausted state remedies for Ground Four: ______________________

*(Set forth additional grounds, if any, on separate sheets of paper.)*

**E. Grounds Not Previously Raised**

Is there any ground raised in this petition that has not already been presented in either state or federal court?

☑ YES ☐ NO

If so, state the reason(s): A motion for fraud on the court has being raised with the lower Court, That motion is dealing with OBstruction of Justice in the lower Court on the Prosecutor behalf, for committing fraud on the Court.

**F. Pending Proceedings**

Do you have any petition or appeal currently pending (filed, but not yet decided) in *any* court (state or federal) for the judgment being challenged in this petition:

☐ YES ☑ NO

Please explain: ______________________________

______________________________

**G. Future Sentence**

Do you have any future sentence to serve (*as in a consecutive sentence imposed*) after you complete the sentence for the judgment challenged in this petition?

☑ YES ☐ NO

1. If so, identify the other sentence: 7½ years for Escape
2. Name and location of the court that imposed that sentence: Escambia County 190 Governmental Center Pensacola, Florida, 32591-000
3. Date Sentence was Imposed: believe to be December 19, 2008
4. Case Number: 2007CF003861

**H. Timeliness of Petition**

If your judgment of conviction became final over one year ago, explain why the one-year statute of limitations as stated in 28 U.S.C. § 2244(d)[i] does not

bar this petition: This petition should be heard based on a valid error of a miscarriage of justice and a fundamental constitutional violation

## III. RELIEF SOUGHT IN CURRENT § 2254 PETITION

Petitioner requests the Court grant this § 2254 petition and provide the following relief: 1. Issue a writ of habeas corpus vacating Petitioner conviction and sentence and add any available crediting to the consecutive sentence. 2 Grant Petitioner a new trial, free from the taint of co-defendant Fred Taylor false testimony, and that all undisclose evidence may be presented to the court

______________________ or any other relief to which Petitioner is entitled.

Signature of Attorney (*if any*): ______________________

**I certify and declare, under penalty of perjury, that the foregoing is true and correct and that this petition was (*check one*) ☐ delivered to prison officials for mailing or ☑ deposited in the prison's mail system for mailing**

**on the** 5 **day of** March **, 20**26.

Date: 3/5/26 Petitioner's Signature: Marvin Watts

*(If the person signing above is not the petitioner, state relationship to the petitioner and explain why the petitioner is not signing this petition below.)*

______________________________________________

______________________________________________

Printed Name of Petitioner: Marvin E. Watts

Prisoner ID #: P21548

Correctional Institution: Apalachee East Unit

Address: 35 Apalachee Drive
Sneads, Florida, 32460

*(You must timely notify the Clerk's Office if there is any change to your mailing address.)*

---

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Exhibit A

Attached here to as Exhibit A is a true and accurate excerpt from the F.D.L.E report of the gunshot residue found on Fred Dennis Taylor hands.

**FDLE NUMBER:** 20070204441 Submissions: 1

A trace amount of GSR was found on the SEM stub samples from Fred Dennis Taylor; however, the amount is not considered forensically significant. This may result when:

1. A portion of the gunshot residue initially deposited was removed from the hands prior to sampling.
2. The hands were exposed to a source with limited amounts of GSR available for transfer

**REMARKS:**

The evidence submitted is being returned by Registered Mail.

DTR/skm

FDLE

Florida Department of Law Enforcement

Gerald M. Bailey
Commissioner

Daytona Regional Operations Center
810 Fentress Court, Suite 110
Daytona Beach, Florida 32117
(386) 274-3820
www.fdle.state.fl.us

Charlie Crist, Governor
Bill McCollum, Attorney General
Alex Sink, Chief Financial Officer
Charles H. Bronson, Commissioner of Agriculture

February 06, 2008

| | | | |
|---|---|---|---|
| TO: | Chief John Mathis<br>Pensacola Police Department<br>P.O. Box 1750<br>Pensacola FL 32591-1750 | FDLE NUMBER:<br>SUBMISSION:<br>AGENCY NUMBER: | 20070204441<br>1<br>07009162 |
| ATTN: | Heintzelman/Nadeau | SUBPOENAS PERTAINING TO THIS CASE SHOULD REFER TO THE FDLE NUMBER. | |

SUBJECT(S): FRED D TAYLOR,
MARVIN E WATTS

OFFENSE(S): Assault
Robbery
Escambia County
8/2/2007

Daniel T. Radcliffe
Senior Crime Laboratory Analyst
Gunshot Residue Section

**REFERENCE:**

This report is in reference to the following exhibits, which were submitted to FDLE on 8/9/2007 by N. Heintzelman.

**EXHIBIT(S):**

| | | |
|---|---|---|
| 1 | #10 | One gunshot residue collection kit labeled as from Marvin Eugene Watts. |
| | #12 | One gunshot residue collection kit labeled as from Fred Dennis Taylor. |

**RESULTS:**

Gunshot Residue (GSR) is the term applied to the minute particles of metal and metal compounds derived from both the primer composition and the projectile emitted by a gun during firing.

GSR was not identified on any of the SEM samples from Marvin Eugene Watts. The absence of GSR results where:

1. The individual sampled was not exposed to a source of gunshot residue.
2. GSR deposited on the hands was removed prior to sampling.
3. The ammunition used did not contain the elements necessary for the identification of GSR.

Exhibit B

Attached here to as Exhibit B is a true and accurate excerpt from the trial transcript of Nicole HEINTZELMAN Testimony of page 155

Q. Okay.

A. I'm confused.

Q. Back up a minute. I'm sorry. That wasn't a very good question. I'm sorry.

In order for Mr. Watts to leave a fingerprint, he would have to necessarily touch the car?

A. Correct.

Q. So, if he didn't touch the car, we can't expect to find a fingerprint?

A. That's correct.

Q. The box that you found in the car itself -- or the truck that had the ammunition in it, did you lift prints from there?

A. Yes.

Q. And they did not match either Mr. Watts' or Mr. Taylor's; is that right?

A. That's correct.

Q. Were there any smudges that you found on there?

A. I don't recall exactly. I just know it was positive results.

Q. Now, you indicated on the gunshot residue that it could potentially lift gunshot residue from someone's hands?

A. Correct.

Exhibit C

Attached here to as Exhibit C is a true and accurate except from the trial transcript of Mental Health Diagnoses

TB102-APALACHEE EAST UNIT
35 Apalachee Dr. Sneads, FL 32460
8507180688 Fax: 8504829002



MARVIN E WATTS
DC#: [illegible]
Race/Sex: Black or African American / Male
DOB: [illegible]
Facility: 102-APALACHEE EAST UNIT

**06/26/2024 - FL MH Case Manager: MH CM:ISP 180 Day 180 Day 180 Day**
**Provider: [redacted], LCSW, MHP, Centurion**
**Location of Care: 102-APALACHEE EAST UNIT**
**This document contains external references**

**Orders added during this encounter:**
ISP MDST; Start Date: 12/16/2024

FLORIDA DEPARTMENT OF CORRECTIONS

## Individualized Service Plan

Reason for Encounter:
**ISP Updated 180 Days**
**Date of MDST 06/26/2024**

## Mental Health Diagnoses

1 Schizoaffective disorder, depressive type (F25.1): _

2 _

**Problem # / Problem Name** MH Problem: Depression (None)
**Problem Description in Behavioral Terms** Patient has stated that he experiences the following symptoms: depressed mood, irritability, poor concentration, sleep and appetite disturbance, low energy, and diminished interest
**Problem Frequency, Duration & Intensity** During this review period, patient has demonstrated or expressed symptoms: Frequency: 7/7days, Intensity: 6/10 Duration: throughout the day
Observations/collateral data are consistent with patient's report

**Treatment Goal: (target behaviors in measurable terms)** Patient will be offered individual counseling to address symptoms of stated problem. Patient will identify negative thoughts and learn/implement cognitive restructuring to manage symptoms. Patient will process with MHP during sessions. Patient will maintain symptom level of 0/7 days, 0/10 intensity throughout the next review period.

| Interventions | Intervention Frequency (or N/A) | Intervention Provider (Specify each by name and title) |
|---|---|---|
| *Case Management:* | 1x/ 30 days | Samuel; RCSWI; BHT; Centurion, [redacted] |
| *Individual Counseling:* | 1x/ 30 days | Samuel; RCSWI; BHT; Centurion, [redacted] |
| *Psychiatric Follow Up:* | 1 x 90 days | Alexander; PMHNP; Psychiatric Clinician; Centurion, [redacted] |
| *Medication Management:* | As prescribed | Moore; RN; DON; Centurion, [redacted] |

**Problem # / Problem Name** MH Problem: Hallucinations (118)

Marcus E. [illegible] DC# [illegible]
Apalachee Correctional Institution
35 Apalache Drive
Sneads Florida, 32460-4166

MAILED FROM STATE
CORRECTIONAL INSTITUTION

FIRST-CLASS

US POSTAGE PITNEY BOWES
ZIP 32460 $ 003.84⁰
02 7W
0008033454 MAR 05 2026

MAR 09 2026

US DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
United State Clerk
1 North Palafox Street
Pensacola, FL 32502